JENSEN, Plaintiff v. CITY OF RAPID CITY, et al., Defendants.

(182 N. W. 628.)

(File No. 4875.    Opinion filed April 12, 1921.)

**Interest—Delinquent Special Assessment Sewer Certificates, Interest On, Payable "As By Law Provided," Statutory Provisions For Payment "Annually On Whole Sum Unpaid At Maturity Of Installments" Construed.**

Where certain special assessment installment sewer certificates provided among other things, dates on which installments thereof would become due, and that to any delinquent or annual installment certificate there shall be added, to be collected "as by law provided," interest and penalty, etc., held, construing Sec. 6407, Code 1919, providing among other things the occasions on which the first installments shall be due and payable, with a proviso that the rate of interest "shall not exceed seven per cent per annum, payable annually on the whole sum unpaid at the maturity of the several installments,"—that while, as probably contended by defendants, the comma after the word

"annum" lends some support to the claim that the proviso contains all of the words from "Provided" to and including "Installments," and while punctuation, though not necessarily controlling in the construction to be given a statute, is a pertinent subject of inquiry, such interpretation is untenable; that the proviso was inserted to prescribe a limitation of rate of interest that could be named, hence the words "Provided, such rate shall not exceed seven per cent per annum," constitute the whole of the proviso and limit the "rate" of interest, while "Payable Annually on the whole sum unpaid at the maturity of the several installments" prescribes the time for payment and amount on which interest payment shall be computed.

Smith and McCoy, J. J., not sitting.

Original proceeding by A. Chris Jensen, against the City of Rapid City, a municipal corporation, and C. E. Gray as Mayor, and John D. Newcomer and others as City Commissioners of said City, for a writ of mandamus, requiring defendants to issue to plaintiff such special sewer assessment certificates as he claims to be entitled to.   Writ granted.

*E. G. Smith,* and *Haney & McCoy,* for Plaintiffs.
*George Williams,* City Attorney, for Defendants.

Plaintiff cited: Laws 1911, Ch. 228, Sec. 3, as source of Sec. 6407, Code 1919, and as not containing comma after the word "annum," and to point that: The change in punctuation should not be regarded as evidence of intention to change meaning of statute unless the contrary plainly appears; citing also 25 R. C. L. 964-5.

WHITING, J. Plaintiff entered into a contract with defendant city, under which plaintiff was to construct a certain sewer system in said city, and, upon constructing same, would be entitled to have issued to him assessment certificates.   Having performed work which entitled him to some of such certificates, the city tendered certificates containing the following provision relating to the payment of interest:

"That this certificate is one of a series of certificates of special assessment, numbered 403 to 902, inclusive, payable in ten annual installments in accordance with its tenor and the tenor of the ten annual installment certificates hereto attached as a part hereof, the first of which is now due and payable and the others bear interest at the rate of seven per cent. per annum from Jan-

uary 19, 1921, until delinquent. The first annual installment certificate becomes delinquent on and after January 19, 1921, and the others will become delinquent on January 19 of each successive year according to their respective numbers until paid. To any delinquent certificate or annual installment certificate there shall be added, to be collected as by law provided, interest and penalty on the first day of each calendar month thereafter until paid one per cent. of the amount remaining unpaid."

Believing himself entitled to certificates which contained a provision that the interest should be "payable annually on the whole sum unpaid at the maturity of the several installments," and defendants having declined to issue such certificates, plaintiff brought this proceeding in this court, wherein he seeks a writ of mandamus requiring defendants to issue him certificates such as he claims to be entitled to.

Whether plaintiff is entitled to the relief prayed for depends upon the proper construction to be given to section 6407, R. C. 1919. This section reads as follows:

"When an assessment is divided as provided in the preceeding section, the first installment shall be due and payable, upon the filing of the assessment roll with city or town treasurer, and subsequent installments shall be due and payable one, two, three, four, five, six, seven, eight or nine years from the date of such filing with interest at such rate as the governing body shall by ordinance prescribe: Provided, such rate shall not exceed seven per cent. per annum, payable annually on the whole sum unpaid at the maturity of the several installments."

[1, 2] Defendants have filed no brief, and have presented no oral argument; hence we have not been advised as regards the line of reasoning upon which they base their conclusion that the interest on each installment should not fall due until the installment matures. We conclude, however, that they are of the opinion that the proviso in section 6407 contains all the words from "Provided" to and including "installments." The punctuation would give some support to such a claim. Plaintiffs contend that the proviso ends with the word "annum," and that what follows is no part of the proviso, but that, instead of its relating to the "rate," as it is clear that the proviso does, it relates to "interest." It seems to us that plaintiff is right. The pro-

viso was inserted to prescribe a limitation on the rate of interest that could be named. If this section stopped at the word "prescribe," then it is clear that the interest on any given installment would not be payable until such installment was due, and furthermore there would be no limitation on the rate of interest. Would the Legislature, by adding the rest of the words down to and including "installments," show an intention to limit the rate of interest or would the addition of such word also show an intention to prescribe when the interest should be payable? If these added words had stopped at the word "annum," it is perfectly clear that we would have simply a limitation of the rate—that is, that the rate could not exceed 7 per cent. But still such interest might be payable semiannually, $3\frac{1}{2}$ per cent. each six months. But $3\frac{1}{2}$ per cent. semiannually amounts to a trifle more than straight 7 per cent., and it might, with some reason, be urged that the Legislature, if it had added but the words "payable annually," was still intending to limit the rate, and to limit it to not to exceed 7 per cent. straight, but was not intending to prescribe the time when interest should be payable. But, while punctuation should not of necessity control the construction to be given a statute, it is certainly pertinent to inquire why the comma after "annum"? It is perfectly clear that the words "on the whole sum unpaid at the maturity of the several installments" can have no reference to the "rate" of interest, and that they would be absolutely surplusage if the words, "payable annually" refer to and help to limit the "rate"; while, if "payable annually" refers to, and fixes the time for payment of, "interest," then the following words are not mere surplusage, but show upon what such "interest" is to be "payable annually."

We are therefore of the opinion that the words, "Provided, such rate shall not exceed seven per cent. per annum," is the whole of the proviso, and limit the "rate" of interest; while "payable annually on the whole sum unpaid at the maturity of the several installments" prescribes the time for payment and the amount upon which each payment of interst shall be computed.

It follows that the writ prayed for should be granted.

SMITH and McCOY, JJ., not sitting.